JAMES WATSON, PLAINTIFF-APPELLANT, v. PENNSYL-
VANIA-READING SEASHORE LINES, DEFENDANT-
APPELLEE.

Argued May 2, 1939—Decided July 22, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and
PORTER.

For the plaintiff-appellant, *Bartholomew A. Sheehan* (*Vincent L. Gallagher,* of counsel).

For the defendant-appellee, *French, Richards & Bradley* (*Floyd H. Bradley, Grace Heritage Smith,* of counsel).

BROGAN, CHIEF JUSTICE. This is plaintiff's appeal from a judgment of nonsuit. Plaintiff, on August 16th, 1935, was a passenger on a train of the defendant railroad company en route from Camden to Wildwood. He occupied a seat in the train on the right-hand side immediately next to the window, which was open, the window of the seat immediately

in front of him being likewise open. The plaintiff testified that a small piece of stone came through the open window of the seat in front of him, struck him in the left eye, and as a result he lost the sight of that eye. The piece of stone in question was identified and one of the plaintiff's witnesses, a geologist, said that the stone in question was traprock which "is used in the manufacture of concrete, asphalt roads and railroad ballast."

It is contended that the nonsuit was erroneous; that proof of the facts above set forth were sufficient under the doctrine of *res ipsa loquitur* to raise an inference of negligence which the defendant was bound to explain or negative. Reliance is placed upon cases of which *Whalen* v. *Consolidated Traction Co.,* 61 *N. J. L.* 606; 40 *Atl. Rep.* 645; *Mumma* v. *Easton and A. R. Co.,* 73 *N. J. L.* 653; 65 *Atl. Rep.* 208, are typical. But we are unable to agree that the occurrence in question affords *prima facie* evidence that there was want of the high degree of care incumbent upon common carriers. In cases where the doctrine of *res ipsa loquitur* applies it is an essential that the agency causing the mischief be under the control of the party charged with liability. Such is not the case here. There is no proof that the small stone which caused this most unfortunate injury was part of the road ballast or that it came from the roadbed at all. It might quite conceivably have been thrown by a mischievous person. On this important element of the case the court was right in not leaving the matter to speculation.

The judgment is affirmed, with costs.